**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robinson RAMIREZ, Juvenal Bedolla Rosales and Nicholas Farias Sanchez, Defendants–Appellants.**

**No. 90–2525.**

United States Court of Appeals, Fifth Circuit.

May 20, 1991.

Roland E. Dahlin, II, Federal Public Defender, Thomas S. Berg, Marjorie A. Meyers, Asst. Federal Public Defenders, Houston, Tex., for Ramirez.

Peter V. Curran, Houston, Tex., (Court–Appointed), for Rosales.

Larry M. Lee, Visalia, Cal., for Sanchez.

Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., for U.S.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the motion of Defendant–Appellant, Nicholas Farias Sanchez, to correct or amend his notice of appeal is GRANTED, his notice of appeal henceforth to be read as though the portions he previously struck had never been stricken.

■ Apparently acting on the advice of his attorney, Sanchez drew a line through and initialed that portion of his typewritten notice of appeal which stated he was appealing his *sentence.* He left intact that portion which gave notice that he was appealing the *judgment.* He now requests that this court consider the notice of appeal as it was originally prepared in typewritten form or to permit him to amend the notice to replace the words he canceled.

■ Rule 3(c) of the Federal Rules of Appellate Procedure states in pertinent part: "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from...." The first clause of FRAP 3(c), stipulating that the notice of appeal must specify the parties taking the appeal, is jurisdictional; but that issue is not before the court. On the other hand, we broadly construe the second clause of FRAP 3(c), which requires that the notice of appeal designate the judgment or order from which the appeal is taken. *Osterberger v. Relocation Realty Service Corp.,* 921 F.2d 72, 74 (5th Cir. 1991) (citing for the interpretation of the first clause *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)).

The precise question presented by Sanchez's appeal has not been considered previously by this court. Several of our cases have dealt with notices of appeal in which the appellant failed to designate or "misdesignated" the ruling being appealed. Our most recent decision on such failures or errors note that we liberally construe the order designation portion of Rule 3(c) and, when the intent to appeal an unnamed or mislabeled ruling is apparent (from the briefs or otherwise) and no prejudice results to the adverse party, the appeal is not jurisdictionally defective. *Turnbull v. United States,* 929 F.2d 173 (5th Cir.1991) (citations omitted).

The instant case, however, does not concern either a "misdesignated" order or a failure to designate the intended order. Instead, Sanchez first included his sentence in his notice of appeal and then canceled and initialed those portions of the notice mentioning the sentence. When viewed in

isolation, that action would indicate a clear intent not to appeal his sentence.

Other factors, however, suggest that in this instance granting Sanchez's motion to correct or amend his notice would be consistent with the policy indicated by analogous treatment we have afforded others similarly situated. First, the cancellation of the sentence portion of the notice of appeal does not appear to have prejudiced the government, which did not oppose Sanchez's motion to amend his notice of appeal. The government is aware that Sanchez is appealing his sentence because he addresses that matter in his brief on the merits, which is in the possession of the government. Furthermore, the record reflects that trial counsel sought a full transcript of all proceedings, including the sentencing proceeding. And, as Sanchez has covered the issue of his sentence in his brief, granting this motion will not further delay his appeal.

Finally, Sanchez has properly and timely appealed the *judgment,* and it is entitled "Judgment Including Sentence Under the Sentencing Reform Act." His trial attorney might well have considered the stricken language on the notice of appeal to be redundant or surplusage. In fact, had Sanchez filed a notice of appeal which merely stated that he was appealing the judgment, his notice may well have been sufficient because the title of the judgment appealed from expressly reflects that his sentence under the Sentencing Reform Act is included.

A criminal defendant who appeals his sentence but not his conviction is likely acknowledging his guilt and merely contesting his punishment. The converse is not necessarily so because a defendant, such as Sanchez, who appeals his conviction is almost always appealing his sentence too. At least it serves the ends of justice to make that assumption.