IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-1557
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY EUGENE KNOWLES,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____
(August 10, 1994)

Before GOLDBERG, KING, and WIENER, Circuit Judges.

GOLDBERG, Circuit Judge:

Fort Worth police officers arrested Rodney Eugene Knowles on the campus of Eastern Hills High School on April 15, 1992. Knowles, who had previously been convicted of a felony, was carrying a fully loaded handgun.

In a two count indictment, federal authorities charged Knowles with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(1)(A). Without entering into a plea agreement, Knowles pleaded guilty to both counts. The district court sentenced Knowles to a 63-month term of imprisonment on the possession of a firearm by a felon count and to an 18-month term of imprisonment on

the possession of a firearm in a school zone count. The district judge ordered the 18-month sentence to be served consecutively to the 63-month sentence, resulting in a total term of imprisonment of 81 months.

On the same day that he was sentenced, June 11, 1993, Knowles's attorney filed a Notice of Appeal. In this notice, Knowles appealed "to the United States Court of Appeals for the Fifth Circuit from the sentence entered in this matter." Three days later, on June 14, 1993, the district court entered the judgment in this case.[1] After the district court entered the judgment, but before any briefs in this appeal had been filed, this court delivered an opinion in United States v. Lopez, 2 F.3d 1342 (5th Cir. 1993), cert. granted, 114 S. Ct. 1536 (1994). In that case, we found 18 U.S.C. § 922(q) unconstitutional, stating that Congress had not properly invoked its power under the Commerce Clause when it enacted that statute. Id. at 1367-68. In his brief to this court Knowles took up this argument and asserted that Lopez requires reversal of his conviction and sentence on the possession of a firearm in a school zone count. Knowles also argued that the district court imposed the 18-month sentence on the possession of a firearm in a school zone count in violation of the federal

---

[1]The fact that Knowles filed his Notice of Appeal before the judgment was entered in this case is of no consequence. Rule 4(b) of the Federal Rules of Appellate Procedure provides that a "notice of appeal filed after the announcement of a decision, sentence, or order--but before entry of the judgment or order--is treated as filed on the date of and after the entry." Accordingly, Knowles's Notice of Appeal will be treated as filed on June 14, 1993, the date that the district court entered the judgment in this case.

sentencing guidelines.  In its brief, the government did not question the adequacy of Knowles's Notice of Appeal.  The government responded to both Knowles's Lopez argument and the contentions based on the sentencing guidelines.

Raising the matter sua sponte at oral argument, see United States v. Cronan, 937 F.2d 163, 164 (5th Cir. 1991), we requested the parties to address whether Knowles's Notice of Appeal, which stated only that Knowles appealed from the "sentence entered in this matter," was sufficient to allow him to appeal his underlying convictions and challenge the constitutionality of section 922(q).  The parties addressed this issue in supplemental briefs.  Knowles argued that his Notice of Appeal was adequate to allow him to challenge his conviction on the possession of a firearm in a school zone count.  Alternatively, Knowles moved for leave to correct or amend his Notice of Appeal.  For its part, the government agreed that Knowles's Notice of Appeal was sufficient to allow a challenge to the constitutionality of the conviction based on section 922(q), but registered its opposition to Knowles's motion to correct or amend his Notice of Appeal.  We will address the adequacy of Knowles's Notice of Appeal before turning to the other issues presented in this appeal.

## I.  Appellate Jurisdiction

Rule 3(c) of the Federal Rules of Appellate Procedure instructs appellants to "designate the judgment, order or part thereof appealed from."  We have consistently given a liberal interpretation to this requirement.  See, e.g., United States v.

3

Ramirez, 932 F.2d 374, 375 (5th Cir. 1991); see also Smith v. Barry, 112 S. Ct. 678, 681 (1992) ("Courts will liberally construe the requirements of Rule 3."). For example, in United States v. Rochester, 898 F.2d 971 (5th Cir. 1990), we wrote that a "[f]ailure to properly designate the order appealed from is not a jurisdictional defect, and may be cured by an indication of intent in the briefs or otherwise." Id. at 976 n.1. Similarly, in Turnbull v. United States, 929 F.2d 173 (5th Cir. 1991), we explained that "a mistake in designating a judgment appealed from should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." Id. at 177; see also S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 847 n.3 (5th Cir. 1993); In Re Transamerican Natural Gas Corp., 978 F.2d 1409, 1414 (5th Cir. 1992), cert. dismissed, 113 S. Ct. 1892 (1993); Friou v. Phillips Petroleum Co., 948 F.2d 972, 974 (5th Cir. 1991).

Applying the rules articulated in these cases, we held in Turnbull that the appellant, who had only appealed from a district court order that denied a motion for a new trial, could raise arguments addressing the underlying judgment in that case. Turnbull, 929 F.2d at 178. We reached an identical result in United States v. Lopez-Escobar, 920 F.2d 1241 (5th Cir. 1991) and in Osterberger v. Relocation Realty Serv. Corp., 921 F.2d 72 (5th Cir. 1991).

Our opinion in Ramirez, supra, is particularly instructive in this case. In that case, the appellant prepared a typewritten

4

notice of appeal stating that he appealed the judgment and his sentence. The appellant then drew a line through the word "sentence," leaving intact the portion of the notice of appeal that referred to the judgment. We granted the appellant's motion to correct or amend the notice of appeal and allowed him to challenge the sentence on appeal, despite the fact that he had originally crossed out the reference to "sentence" in the notice. Ramirez, 932 F.2d at 375. We explained that this action was consistent with our approach to other similar cases. Id. The appellant had addressed his challenge to the sentence in his brief and hence had fairly indicated his intent to appeal the sentence. We also found that allowing the defendant to challenge the sentence in that case did not prejudice the government. These factors satisfied our rule that "when the intent to appeal an unnamed or mislabeled ruling is apparent (from the briefs or otherwise) and no prejudice results to the adverse party, the appeal is not jurisdictionally defective." Id.; see also Turnbull, 929 F.2d at 177.

United States v. Winn, 948 F.2d 145 (5th Cir. 1991), cert. denied, 112 S. Ct. 1599 (1992) is also illuminating. In that case, the defendant filed a notice of appeal after the jury returned its guilty verdict, but before the sentenced was imposed and the judgment was entered. We held that we had jurisdiction over an appeal of the defendant's sentence even though the notice of appeal mentioned only the jury verdict--not the sentence or the judgment that incorporated it--and even though the notice of appeal was filed before the sentence had been imposed. We first explained

5

that the defendant's failure to specify expressly in his notice of appeal that he was appealing his sentence did not _ipso_ _facto_ bar an appeal of the sentence. _Id_. at 154. We then examined _Ramirez_ and found that the defendant could appeal both the conviction and the sentence. _Id_. at 155. As in previous cases, the defendant had briefed the issues that related to his sentence and thereby fairly expressed his intent to appeal the sentence. Moreover, the government conceded that it was not misled or prejudiced. We thus held that the defendant could appeal his sentence.

Some of our cases have suggested that it is more acceptable to allow a defendant who has appealed only his or her conviction to contest the sentence than it is to allow a defendant who has only appealed the sentence to challenge his or her conviction. For instance, in _Ramirez_, 932 F.2d at 376, we wrote that "[a] criminal defendant who appeals his sentence but not his conviction is likely acknowledging his guilt and merely contesting his punishment. The converse is not necessarily so because a defendant . . . who appeals his conviction is almost always appealing his sentence too." Although this statement may be accurate as an empirical matter, we do not believe that it is necessarily true. It seems equally plausible to us that there may be (1) defendants who only appeal their sentences who have challenges to their underlying convictions and (2) defendants who only appeal their convictions who do not have challenges to their sentences. Nevertheless, the point that we wish to make is a more narrow one. Distinctions between defendants who appeal their convictions and defendants who

6

appeal their sentences should not be determinative when questions concerning potentially defective notices of appeal arise. The standard by which we determine whether a notice of appeal should be read to allow an appeal of an unnamed or mislabeled ruling should be what we have traditionally required: whether the appealing party has exhibited an intent to appeal the ruling and whether the opposing party was misled or prejudiced. Ramirez, 932 F.2d at 375; Turnbull, 929 F.2d at 177.

In the present case, Knowles specified only his sentence in his Notice of Appeal; he did not indicate that he was appealing his conviction on the possession of a firearm in a school zone count. However, the failure of Knowles's Notice of Appeal to refer to this conviction "does not per se preclude appealing" his conviction. Winn, 948 F.2d at 154. We must apply the rule we articulated in Ramirez and similar cases: "[W]hen the intent to appeal an unnamed . . . ruling is apparent (from the briefs or otherwise) and no prejudice results to the adverse party, the appeal is not jurisdictionally defective." Ramirez, 932 F.2d at 375 (emphasis supplied). Here, Knowles demonstrated his intent to appeal his conviction on the possession of a firearm in a school zone count in his brief to this Court. Moreover, the government has conceded that it was not misled or prejudiced by the allegedly defective Notice of Appeal. Therefore, we find that Knowles should be allowed to appeal both his conviction and sentence on the possession of a firearm in a school zone count.

## II. The Merits

We now turn to the merits of Knowles's argument in favor of reversal of his conviction for possession of a firearm in a school zone, a violation of the Gun Free School Zones Act, 18 U.S.C. § 922(q)(1)(A). In Lopez, we concluded that "section 922(q), in the full reach of its terms, is invalid as beyond the power of Congress under the Commerce Clause." Lopez, 2 F.3d at 1367-68. Knowles maintains that our Lopez decision requires reversal of his conviction on the possession of a firearm in a school zone count.

Before we can address Knowles's contentions, though, we must confront the fact that Knowles failed to raise any challenge to the constitutionality of the Gun Free School Zones Act in the district court below. Because of this failure, our review of Knowles's challenge to the constitutionality of section 922(q) is confined to a search for plain error. See Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). The Supreme Court has recently clarified an appellate court's power under Rule 52(b) "to correct errors that were forfeited because not timely raised in the District Court." United States v. Olano, 113 S. Ct. 1170, 1176 (1993). In Olano, Justice O'Connor explained that an appellate court may exercise its authority under Rule 52(b) only if there is an "error", and the error is "plain", and the plain error affects "substantial rights". Id. at 1777-78. "Deviation from a legal rule is `error' unless the rule has been

8

waived."  Id. at 1777.[2]  An error is "plain" if it is "clear" or "obvious".  Id.  Finally, in most cases, a plain error affects "substantial rights" when it is "prejudicial".  In other words, it must affect "the outcome of the District Court proceedings."  Id. at 1778.  Once these conditions have been met, Rule 52(b) gives the Courts of Appeals the discretion to correct errors not brought to the attention of a District Court.  The Supreme Court has instructed us on how to exercise this discretion:  the Courts of Appeals should "correct a plain and forfeited error affecting substantial rights if the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  Id. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

The fact that Knowles is asserting an argument based on the Constitution does not nullify the applicability of Rule 52(b).  It is a truism that a "constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."  Yakus v. United States, 321 U.S. 414, 444 (1944).  Many courts, including ours, have found that alleged constitutional errors in criminal convictions--that do not amount to plain error-- are forever forfeited by the failure to object contemporaneously to that error in the district court.  See, e.g., United States v. Vontsteen, 950 F.2d 1086, 1089 (5th Cir.) (en banc) (collecting

---

[2]"Waiver" in this context "is the `intentional relinquishment or abandonment of a known right.'"  Id. (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  "Forfeiture", in contrast, is the "failure to make the timely assertion of a right."  Id.

9

cases), cert. denied, 112 S. Ct. 3039 (1992).  However, we have long held that, under the plain error inquiry, errors of constitutional dimension will be noticed more freely than less serious errors.  United States v. Faulkner, 17 F.3d 745 (5th Cir. 1994); Alexander v. United States, 390 F.2d 101, 103 n.3 (5th Cir. 1968).

In the present case, we have no difficulty concluding that Knowles's attack on the constitutionality of the Gun Free School Zones Act satisfies the requirements of Rule 52(b).  It is self-evident that basing a conviction on an unconstitutional statute is both "plain" and an "error" as Olano defines those terms.  It is of no consequence that Lopez was decided after the proceedings in the district court concluded.  Since this case is on direct appeal, newly announced rules apply.  Griffith v. Kentucky, 479 U.S. 314 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a `clear break' with the past.").  In any event, the novelty of our decision in Lopez[3] also militates in favor of allowing Knowles to raise a Lopez-based argument for the first time here on direct appeal.  Cf. Reed v. Ross, 468 U.S. 1, 16 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim" on direct appeal and may

_____

[3]The dearth of statutes that have been struck down as beyond Congress's power under the Commerce Clause since the 1930s speaks to the novelty of the Lopez decision.

10

thus raise it in a habeas corpus proceeding).[4]  It is also evident that this error affected the outcome of the proceedings below.  Had the Lopez argument been raised in the district court, it should have resulted in the dismissal of the Gun Free School Zones Act count from Knowles's indictment.  Finally, we agree that our failure to address Knowles's challenge to the constitutionality of the Gun Free School Zones Act would seriously affect the fairness, integrity, and public reputation of judicial proceedings.  Accordingly, since this Court found in Lopez that the Gun Free School Zones Act is unconstitutional, we must conclude that Knowles's conviction based on that Act must be reversed.

The government has attempted to distinguish this case from Lopez, but we find these distinctions unavailing.  The government's first argument is rooted in the following dicta that appears in Lopez:  "Conceivably, a conviction under section 922(q) might be sustained if the government alleged and proved that the offense had a nexus to commerce."  2 F.3d at 1368 (footnote omitted).  Even if we assume that a conviction under section 922(q) could be sustained by alleging and proving a commerce nexus, we do not think that this is such a case.  The government maintains that Knowles's Gun Free School Zones Act conviction is proper because the indictment alleged, and the factual resume filed in this case stated, that Knowles's firearm traveled in interstate commerce.  It is true that

_____

    [4]But cf. Teague v. Lane, 489 U.S. 288, 301 (1989) (prohibiting the retroactive application of "new" rules in habeas corpus proceedings "not dictated by precedent existing at the time the defendant's conviction became final.")

11

the indictment alleged that Knowles's handgun traveled in interstate commerce. However, this allegation appeared only in Count One of the indictment, the count that charged Knowles with being a convicted felon in possession of a firearm. Count Two, the count that charged Knowles with violating the Gun Free School Zones Act, did not allege that the firearm that Knowles was carrying traveled in interstate commerce. This omission is fatal to the government's argument because the failure of Count Two to allege any commerce nexus renders that charge fundamentally defective. See Lopez, 2 F.3d at 1368. While it is true that an allegation made in one count of an indictment may be incorporated by reference in another count of the indictment, see Fed.R.Crim.P. 7(c)(1), we have held that any such incorporation must be expressly done. United States v. Hajecate, 683 F.2d 894, 901 (5th Cir. 1982), cert. denied, 461 U.S. 927 (1983); Davis v. United States, 357 F.2d 438 (5th Cir.), cert. denied, 385 U.S. 927 (1966); see also 1 Charles A. Wright, Federal Practice and Procedure: Criminal § 123 at 349 (1982) ("[E]ach count is considered as if it were a separate indictment and must be sufficient without reference to other counts unless they are expressly incorporated by reference.") (footnotes omitted). Here, Count Two, the count that charged Knowles with possession of a firearm in a school zone, did not expressly refer to the interstate commerce nexus alleged in Count One, the count that charged Knowles with being a felon in possession of a firearm. This omission renders Count Two defective. See Lopez, F.3d at 1368.

12

Noting that a guilty plea generally waives defects in the underlying proceedings, the government also claims that Knowles's conviction on Count Two is proper because Knowles pleaded guilty. This argument is not persuasive. We have reversed other convictions against defendants who had pleaded guilty to charges brought under the Gun Free School Zones Act. See United States v. Handy, No. 93-1485 (5th Cir. Oct. 20, 1993) (unpublished). We have done so for the well-established reason that a guilty plea does not waive the right of the defendant to challenge the constitutionality of the statute under which he is convicted. See Menna v. New York, 423 U.S. 61, 62-63 n.2 (1975) ("[A] plea of guilty to a charge does not waive a claim that--judged on its face--the charge is one which the State may not constitutionally prosecute.").

## III.  Conclusion

Knowles's conviction on the possession of a firearm in a school zone count is REVERSED, and the sentence imposed based upon that conviction is VACATED.

13