**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40622

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN SAUCEDO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(C-96-CR-280)

April 9, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Saucedo appeals his guilty-plea conviction for possession with intent to distribute of 90 kilograms of marijuana in violation of 21 U.S.C. § 841(b)(1)(C). The Government has filed a motion to dismiss the appeal for lack of jurisdiction, arguing that Saucedo's "motion for a new trial" was filed untimely and was not the proper procedure for challenging a guilty plea. The Government further

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that filing the motion did not toll the period for filing a notice of appeal, thereby rendering Saucedo's filing of his notice of appeal untimely. Because Saucedo filed his motion within the ten-day appeal period, we treat it as a motion for reconsideration of the district court's final judgment. *See United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991). The district court therefore erred in construing the motion as a 28 U.S.C. § 2255 petition. As a motion for reconsideration extends the time for filing a notice of appeal until the motion is denied, *see id.,* Saucedo's notice of appeal was timely. The Government's motion to dismiss Saucedo's appeal is DENIED.

Saucedo's brief evinces the intent to appeal the district court's orders denying his motion for a new trial and his "motion to strike proceedings." *See United States v. Sacerio,* 952 F.2d 860, 863 n.1 (5th Cir. 1992); *United States v. Ramirez*, 932 F.2d 374, 375 (5th Cir. 1991). Therefore, this court has jurisdiction to review the orders denying both motions.

Saucedo argues that his counsel was ineffective because he failed to investigate the quantity of marijuana involved in the offense. Saucedo allegedly told his counsel that he only transported 120 pounds of marijuana, while the Government indicted him for transporting approximately 200 pounds. He also argues that his counsel failed to investigate inconsistencies in the amount of marijuana in the Presentence Report. Saucedo further argues that his guilty plea was involuntary because his counsel did not advise him that the amount of marijuana could affect his sentence. Saucedo

raised these claims below, and the record is sufficiently developed for this court to consider them.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

To prevail on his ineffective assistance of counsel claim, Saucedo must establish: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 688, 694, 104 S. Ct. 2052, 2068, 2080 (1984).  Saucedo failed to provide any evidence to the district court or on appeal to support this claim, other than his one conclusory statement.[1]  Indeed, he admits that he did not know exactly how much marijuana he was transporting))only that "they" told him that he would be carrying 120 pounds.  Moreover, the government repeatedly weighed the marijuana; any minor discrepancies in weight such as may have existed would not have affected his classification under the sentencing guidelines.  Finally, the sentence Saucedo actually received after downward adjustments and a further downward

---

[1]    Although the district court held a hearing on Saucedo's motion for new trial, inclement weather prevented Saucedo and his new attorney from attending the hearing.  The district court nonetheless went forward with the hearing, allowing Saucedo's former attorney to testify in narrative form at the hearing. Saucedo later made a "motion to strike proceedings" to have this hearing stricken, which the district court denied.  Although Saucedo has also appealed the denial of the "motion to strike proceedings," we deny this motion because we can determine as a matter of law without regard to evidence presented at this hearing that his ineffective assistance of counsel claim is meritless.  *Cf. United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (holding that a district court does not need to hold an evidentiary hearing on an ineffective assistance claim where the claim is meritless as a matter of law).

departure by the district court is within the range of possible sentences Saucedo would have received had the court found him to have possessed 120 pounds of marijuana. Thus, Saucedo has failed to establish any prejudice, and we reject this claim.

To the extent Saucedo argues that his guilty plea was involuntary because he was not advised of the possible sentence he could receive, the record indicates that Saucedo's guilty plea was knowingly and voluntarily entered after the district court complied with Fed. R. Civ. P. 11 by determining whether his plea was coerced, and advising him of his constitutional rights, the nature of the charges, the consequences of his guilty plea, and the statutory maximum punishment. *See United States v. Johnson*, 1 F.3d 296, 298-300 (5th Cir. 1993) (en banc). We accordingly reject this claim as well.

AFFIRMED; GOVERNMENT'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION DENIED.