IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40510
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MOISES CORDERO-GODINEZ,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-374-1
- - - - - - - - - -

March 9, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Moises Cordero-Godinez was convicted for attempting illegally to enter the United States after having been previously deported in violation of 8 U.S.C. § 1326(a). Cordero has appealed his sentence, which was enhanced under 8 U.S.C. § 1326(b)(2). Cordero contends for the first time on appeal that the district court erred in enhancing Cordero's sentence pursuant to § 2L1.2(b)(1)(A) because the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(G) is unconstitutionally vague as applied to him. Because this issue was not raised in the district court, we

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review it for plain error only. See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996); see also United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994) (alleged constitutional error in criminal conviction reviewed for plain error). This court does not follow contrary authority from other circuits. see, e.g., U.S. v. Tabocca, 924 F.2d 906, 912 (9th Cir. 1991). To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-35 (1993)).

The Federal Public Defender does no service to the courts or its client when it raises issues like this for the first time on appeal. Bound as we are by Olano, we are not required to express a view on the merits of appellant's challenge except to note that it is highly dubious that the vagueness doctrine applies to sentencing statutes that merely pertain to "the statutory range [within which] the guideline sentence will fall." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990). Moreover, there is no adverse effect on this appellant's substantial rights, nor does his sentence reflect adversely on the fairness, integrity or public adversely perception of judicial proceedings.

**AFFIRMED.**