IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41161
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER ANTONIO TURCIO-SALMERON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-351-01
- - - - - - - - - -

May 26, 1999

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Javier Turcio-Salmeron appeals his sentence from his guilty-plea conviction for being an alien illegally found within the United States.  Turcio argues that U.S.S.G. § 2L1.2(b)(2) is unconstitutionally vague and is inapplicable to him because he was not convicted of an "aggravated felony" as defined by the guideline.  Because this issue was not raised in the district court, we review it for plain error only.  See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996); see also United

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994) (alleged constitutional error in criminal conviction reviewed for plain error). To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-35 (1993)).

Whether the vagueness doctrine applies to sentencing statutes which merely pertain to "the statutory range [within which] the guideline sentence will fall" is dubious. United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990). As such, the district court's enhancement of Turcio's sentence based on his aggravated felony which falls under the purview of § 1101(a)(43) was not plain error. Turcio's substantial rights are not affected; nor does his sentence reflect adversely on the fairness, integrity or public reputation of judicial proceedings.

AFFIRMED.