# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

<hr/>

No. 98-40175
Summary Calendar

<hr/>

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HAROLD MILANO,

Defendant-Appellant.

<hr/>

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CV-234-1

<hr/>

June 7, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

John Harold Milano appeals the sentence he received after he pleaded guilty to possession with intent to distribute marijuana in violation of § 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Milano argues that the district court erred when it sentenced him based on carrying cocaine because he had no knowledge or intent to possess cocaine. To the extent that Milano raises a constitutional claim, it is reviewed for plain error because he made no argument in the district court that his sentence was unconstitutional. See United States v. Knowles, 29 F.3d 947, 950 (5th Cir. 1994).

To demonstrate plain error, Milano must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously

<hr/>

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4 .

affects the fairness, integrity, or public reputation of judicial proceedings but is not required to do so. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc) (citing United States v. Olano, 507 U.S. 725, 730-35 (1993)).

We have reviewed the record and the parties' briefs and conclude that the district court's sentence, which included cocaine, was not error, plain or otherwise. See United States v. Valencia-Gonzales, ___ F.3d ___, 1999 WL 198889, *1 (5th Cir. April 9, 1999).

AFFIRMED.