United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50778
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAIME SANTA-NARANJO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1430-5-DB
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Jaime Santa-Naranjo appeals the sentence he received
pursuant to his guilty-plea conviction for conspiracy to possess
and possession with intent to distribute cocaine and aiding and
abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A),
846, and 18 U.S.C. § 2.  Santa-Naranjo argues that his sentence
violates the Eighth Amendment prohibition against cruel and
unusual punishment and his constitutional rights to due process
and equal protection because his sentence was based upon the 34

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms of cocaine that he purchased and carried as a courier, when he did not know the type or amount of the controlled substance involved in the transaction. We review Santa-Naranjo's objections for plain error because he raises them for the first time on appeal. See United States v. Knowles, 29 F.3d 947, 950-51 (5th Cir. 1994).

Santa-Naranjo's sentence is not grossly disproportionate to his crime and therefore does not violate the Eighth Amendment. See Harmelin v. Michigan, 501 U.S. 957, 1001-05 (1991). In addition, the district court's imposition of a sentence based upon the type and amount of controlled substance that Santa-Naranjo carried was not error, plain or otherwise. See United States v. Valencia-Gonzales, 172 F.3d 344, 345-46 (5th Cir. 1999).

AFFIRMED.