**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 27, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30298
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

QUINTON WESLEY DEASON

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-30018-ALL
--------------------

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Quinton Wesley Deason appeals his sentence following guilty-

plea convictions for possession of a stolen firearm and

forfeiture in violation of 18 U.S.C. §§ 922(j) and 924(d)(1).

Specifically, he argues that the district court erred in

calculating his base offense level under United States Sentencing

Guidelines § 2K2.1(a).

    Section 2K2.1(a)(5) provides a base offense level of 12 for

the offense of illegal possession of a firearm and a base offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level of 18 if the offense involved a firearm described in 26 U.S.C. § 5845(a), which includes a rifle having a barrel of 16 inches or less. See 26 U.S.C. § 5845(a)(3). Illegal possession of a firearm is a continuing offense. See United States v. Santana-Castellano, 74 F.3d 593, 597 (5th Cir. 1996).

Given that Deason modified the rifle while he illegally possessed it and given that "relevant conduct" under the Sentencing Guidelines includes acts committed during the commission of the offense, Deason has not shown that the district court erred in calculating his base offense level. See U.S.S.G. § 1B1.3(a); United States v. Solis, 299 F.3d 420, 461 (5th Cir. 2002).

Deason's argument that consideration of the firearm modification to calculate his base offense level resulted in an overstatement of the seriousness of his crime is also without merit. Contrary to the Seventh Circuit precedent on which he relies, the conduct at issue (here, the modification of the rifle) was not attenuated from the offense of conviction (here, the theft of the rifle). See United States v. Taylor, 272 F.3d 980, 981 (7th Cir. 2001); United States v. Ritsema, 31 F.3d 559, 562; see also United States v. Partington, 21 F.3d 714, 719 (6th Cir. 1994). In addition, Deason told the probation officer that he intended to alter the serial number and sell the rifle. Thus, there was no evidence in the presentence report to indicate that

the altered rifle was intended for Deason's gun collection or that it would have been used for a lawful or non-violent purpose.

Deason has filed a letter pursuant to FED. R. APP. P. 28(j) calling our attention to the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).  However, we have held that <u>Blakely</u> does not apply to the United States Sentencing Guidelines.  <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>petition for cert. filed</u>, (U.S. Jul. 14, 2004) (No. 03-30437).

AFFIRMED.