United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-30298

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

QUINTON WESLEY DEASON

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-30018-ALL

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Defendant-Appellant Deason's sentence. See United States v. Deason, No. 04-30298, 124 Fed. Appx. 222 (5th Cir. Sep. 27, 2004) (per curiam) (unpublished). Following our judgment, Deason filed a petition for certiorari, in which he challenged the

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

constitutionality of the Sentencing Guidelines as applied to him.[1]  The Supreme Court granted Deason's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  We now reconsider the matter in light of Booker and decide to REINSTATE our previous judgment affirming Deason's sentence.

In his petition for certiorari, Deason challenged only the district court's alleged Sixth Amendment error, arguing that the district court erred by enhancing his sentence under a mandatory guidelines system based on facts not admitted by him or found by a jury beyond a reasonable doubt.[2]  Because Deason did not object in the district court to the use of extra-verdict enhancements to compute his sentence in a mandatory guideline system, this court reviews the district court's imposition of the enhancements for

---

[1]     Deason did not challenge in his petition for certiorari our prior findings that: (1) the district court properly calculated his base offense level under § 2K2.1 of the Sentencing Guidelines; and (2) Deason's base offense level did not overstate the seriousness of his crime.  See Deason, 122 Fed. Appx. at 222. Accordingly, we will consider only Deason's Booker-related Sixth Amendment claim here.

[2]     Specifically, Deason alleged in his petition for certiorari that Sixth Amendment error was committed when the district court, rather than the jury, found that: (1) Deason's possession of a stolen rifle involved a firearm described in 26 U.S.C. § 5845(a), leading to a base offense level of eighteen rather than twelve; and (2) Deason had wilfully obstructed justice, leading to an additional two-level enhancement.

plain error.[3]  See United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005); United States v. Knowles, 29 F.3d 947, 951 (5th Cir. 1994).  This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.  Olano, 507 U.S. at 732-37.  When these three conditions are all met, this court may exercise its discretion to correct the error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Mares, 402 F.3d at 520 (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

The first prong of the plain error test is satisfied in this case.  Under the mandatory guideline system in place at the time of sentencing, Deason's sentence was enhanced based on findings made by the judge that went beyond the facts admitted by the defendant or found by the jury.  Deason has therefore established Booker error.  Because of Booker, this error is also plain, satisfying the second prong of the test.  United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005); Mares, 402 F.3d at 521 (citing Olano, 507 U.S. at 734, and Johnson v. United States, 520 U.S. 461, 468 (1997)).

The third prong of the plain error test, however, is not

---

[3]     While Deason did not allege in the district court that Sixth Amendment error was committed, he did raise his challenge to the constitutionality of the Sentencing Guidelines on appeal in this court.  See Deason, 124 Fed. Appx. at 222.

satisfied in this case.  Deason has failed to show that the error affected his substantial rights.  The standard for determining whether an error affects substantial rights requires that the error affected the outcome of the district court's proceedings. Bringier, 405 F.3d at 317; Mares, 402 F.3d at 521 (citing Olano, 507 U.S. at 734).  To meet this standard, Deason bears the burden of demonstrating a probability sufficient to undermine confidence in the outcome.  Mares, 402 F.3d at 521 (citing United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004)).  Because the error here was the district court's use of extra verdict enhancements to reach a sentence under Guidelines that the district court believed to be mandatory, the question is whether Deason has demonstrated that the sentencing court would have reached a different result had it sentenced Deason under an advisory scheme rather than a mandatory one.  Bringier, 405 F.3d at 317; Mares, 402 F.3d at 521-22.

Based on the record before us, we do not know what the trial judge would have done had the Guidelines been advisory.  Deason has pointed to nothing in the record indicating that the district court would have reached a different conclusion under an advisory scheme.  In support of his claim that the district court would have imposed a different sentence, Deason notes that counsel for the government said that he had "no burning desire to see Mr. Deason go to jail for any time.  But that's not the issue before this Court.  The issue before this Court is what does the law

-4-

require of Mr. Deason's conduct." Deason also points to two statements made by the district court at sentencing. First, the district court stated that "[c]ontrary to public perception, judges in federal courts do not exercise unfettered discretion in passing sentences, and must consider the federal sentencing guidelines and the guidelines sentencing ranges." Second, the district court stated:

> I'd like to echo one thing that you said, Ms. Hudsmith; and, Mr. Deason, this reflects well on you and your family and your community, that although you have made a very--obviously a serious mistake that a lot of people still stand behind you. And they're prepared to support you, not only when you--you know, when you've done something good, but also when you've made a mistake. And that--as I said, I think that reflects favorably upon them and on you also. And I hope that's going to be a blessing to you as you pay your debt to society.

None of these statements demonstrate that the district court would have imposed a different sentence on Deason had it sentenced him pursuant to an advisory, rather than mandatory, sentencing regime. The prosecutor's statement sheds no light on how the district court would have sentenced Deason under an advisory regime, and the district court's statements, which merely acknowledge the existence of the Guidelines and express sympathy toward Deason, do not suggest that the district court would have sentenced Deason differently had the Guidelines been advisory. Accordingly, Deason has failed to carry his burden of demonstrating that his sentence likely would have been different had the district court sentenced him under the post-<u>Booker</u>

advisory regime rather than the pre-<u>Booker</u> mandatory regime.  We therefore find no plain error.  <u>See</u> <u>Bringier</u>, 405 F.3d at 317; <u>Mares</u>, 402 F.3d at 521-22.

For the foregoing reasons, we REINSTATE our judgment affirming Deason's sentence.