United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40489
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO TONATIUH CABALLERO-MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-913-ALL
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:*

Alejandro Tonatiuh Caballero-Martinez ("Caballero") appeals his guilty-plea conviction and sentence for importation of more than 500 grams of cocaine into the United States. For the first time on appeal, Caballero argues that the district court erred by requiring him to cooperate in the collection of a DNA sample from him as a condition of his supervised release. In United States v. Riascos-Cuenu, __ F.3d __, 2005 WL 2660032 at *1-2 (5th Cir. Oct. 18, 2005), a similar challenge was held to be not ripe for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review.  Accordingly, this portion of Caballero's appeal is dismissed.

Also for the first time on appeal, Caballero asserts that the federal drug importation statutes, 21 U.S.C. §§ 952 and 960, are facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000).  Contrary to the Government's argument, Caballero did not waive this issue because neither his plea agreement nor his unconditional guilty plea waived a facial challenge to the constitutionality of the statutes under which he was convicted.  See United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1994) (citing Menna v. New York, 423 U.S. 61, 62-63 n.2 (1975)).  Nevertheless, as Caballero concedes, his argument is foreclosed on its merits by this court's opinion in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.