# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50697
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE HERNAN SERVELLON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2107-1

Before BENAVIDES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Hernan Servellon filed a pro se notice of appeal from "the final Judgment in a Criminal Case entered in this action on the 3rd day of July, 2012, and filed on July 6, 2012." In his brief, Servellon complains about the sentence imposed for his conviction for the offense of illegal reentry following deportation, 8 U.S.C. § 1326(a), (b)(2), and the sentence imposed for revocation of supervised release, 18 U.S.C. § 3583(e)(3) (USDC No. 2:12-CR-532). The sentences were imposed after a joint hearing on both his illegal reentry case and his revocation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release case. We liberally construe his notice of appeal and address the challenges Servellon raises to both his illegal reentry sentence and his revocation sentence in No. 2:12-CR-532. *See United States v. Knowles*, 29 F.3d 947, 949 (5th Cir. 1994); *Trust Co. Bank v. United States Gypsum Co.*, 950 F.2d 1144, 1148 (5th Cir. 1992).

The district court sentenced Servellon to a 50-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. He argues that the sentence, which is in the middle of the advisory guidelines range, is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Servellon did not present this argument in the district court. Thus, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Although Servellon challenges the application of the plain error standard, he concedes that his argument is foreclosed. *See id.* To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We have consistently rejected Servellon's argument that U.S.S.G. § 2L1.2 results in an excessive sentence because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). We also have rejected the "double counting" and "international trespass" arguments that he asserts. *See id.; United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Servellon contends that the § 2L1.2 Guideline resulted in an advisory guidelines range that overstated the seriousness of his offense of conviction and failed to account for his benign motives for returning to the United States. At sentencing, the district court considered the advisory guidelines range; Servellon's request for a sentence at the low end of the advisory guidelines

range; Servellon's statement in allocution; and the factors identified in § 3553. The district court determined that a 50-month sentence was appropriate. The record thus reflects that the district court made an individualized determination at sentencing based on the facts presented and in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *Rita v. United States*, 551 U.S. 338, 347 (2007). Servellon has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence, *see Alonzo*, 435 F.3d at 554-55; and he has not shown that the district court plainly erred. *See Puckett*, 556 U.S. at 135; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

The district court sentenced Servellon to a consecutive 10-month sentence following the revocation of his supervised release. *See* 18 U.S.C. § 3583(e)(3). He argues that the district court committed procedural error by failing to adequately explain it, and he asserts that the consecutive nature of the sentence renders it substantively unreasonable. Servellon did not object in the district court. Our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Because the 10-month sentence was within the range recommended by the policy statements and within the statutory maximum term of imprisonment that the district court could have imposed, *see* § 3583(e)(3); U.S.S.G. § 7B1.4(a), the district court was not required to provide a lengthy explanation. *See Rita*, 551 U.S. at 356. The district court considered the parties' arguments and had a reasoned basis for choosing the 10-month sentence. *See id.* Servellon fails to show that a further explanation would have resulted in a lesser sentence. He thus fails to show that error, if any, affected his substantial rights. *See United*

*States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). Finally, we have repeatedly upheld as reasonable within-guidelines revocation sentences ordered to run consecutively to the sentence for the criminal offense leading to the revocation. *United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008) (collecting cases). Servellon has not shown plain error. *See Whitelaw*, 580 F.3d at 259-60.

Accordingly, the district court's judgment is AFFIRMED.