# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40695
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO ROMERO-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-28-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:*

Fernando Romero-Romero (Romero) pleaded guilty to illegal reentry and received a within-guidelines sentence of 37 months in prison. Additionally, the district court revoked Romero's supervised release term for a prior illegal reentry conviction and imposed a consecutive within-guidelines 15-month sentence. On appeal, Romero challenges the validity of his guilty plea conviction, alleging that the magistrate judge failed to advise him fully of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various provisions included within Rule 11 of the Federal Rules of Criminal Procedure.  Because he did not object to any alleged Rule 11 violations at the rearraignment proceedings, we review for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Romero has not shown a reasonable probability that he would not have pleaded guilty but for the alleged deficiencies in the Rule 11 colloquy.  *See Dominguez Benitez*, 542 U.S. at 83.

Additionally, Romero maintains that the imposition of consecutive sentences for the instant offense and for the supervised release revocation was procedurally and substantively unreasonable.  Although his notice of appeal included the case number for only the instant illegal reentry case, he did seek to appeal "the sentencing conducted on June 13, 2013."  The sentences were imposed after a joint hearing on both his illegal reentry case and his revocation proceedings.  We liberally construe his notice of appeal and address the challenges Romero raises to the consecutive nature of the sentences.  *See United States v. Knowles*, 29 F.3d 947, 949 (5th Cir. 1994).

Romero contends that the district court failed to give adequate reasons for the aggregate 52-month sentence imposed and failed to consider factors that would warrant a lower sentence.  Because he did not raise objections to these alleged procedural errors in the district court, we review the arguments for plain error.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  The record reflects that the district court provided reasons for the sentence relating to the factors set forth in 18 U.S.C. § 3553(a).  *Cf. Gall v. United States*, 552 U.S. 38, 51 (2007) (listing a failure to consider the § 3553(a) factors as a possible procedural error).  Although the district court did not cite to every factor listed in the statute, it was not required to do so.  *See Rita v. United States*, 551 U.S. 338, 356 (2007).  Moreover, Romero has not shown that

any additional explanation would have resulted in his receiving a lower sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65.

The brief submitted by Romero may also be read as challenging the substantive reasonableness of his sentences. *See Gall*, 552 U.S. at 51. His failure to object on grounds of substantive unreasonableness triggers plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). We have rejected the argument that a guidelines sentence under U.S.S.G. § 2L1.2 is unreasonable because the Guidelines double-count a defendant's criminal history. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Romero's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to within-guidelines sentences. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Romero has not demonstrated that the district court erred, much less plainly erred, by sentencing him to within-guidelines consecutive sentences of 37 and 15 months in prison. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92. Consequently, the judgment of the district court is AFFIRMED.