# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2024

Lyle W. Cayce
Clerk

———————————

No. 22-30678

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Damichael Brown,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-242-1

———————————————————————

Before Stewart, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

A jury found Damichael Brown guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] Prior to the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The government charged Brown with (Count 1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (Count 2) possession of an unregistered machine gun, in violation of 26 U.S.C. §§ 5861(d) and 5871, and (Count 3) possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). The government dismissed Count 2 and Brown proceeded to trial on Counts 1 and 3. The jury found Brown guilty of Count 1 but found him not guilty of Count 3.

instant offense, Brown had been convicted for two prior felony convictions for possession of cocaine and for aggravated second-degree battery. He declined to stipulate to having prior felony convictions. The government thus presented documentary, testimonial, and fingerprint evidence showing Brown's two prior felony convictions and that Brown could not, under federal law, legally possess a firearm. At the time of arrest, following a car and foot chase by police, Brown had in his possession a Glock handgun that contained 18 rounds of 9mm ammunition. The government presented evidence that a partial DNA profile from a swab of the gun revealed that Brown was the likely major contributor of that DNA. The course of the stop and arrest of Brown was also presented to the jury through the testimony of the officers and supported by video from the officers' dash and body cameras. Following conviction, Brown was sentenced within the statutory range to 120 months imprisonment and a three-year term of supervised release.

Brown appeals, but his appointed lawyer asserts that Brown presents no nonfrivolous issues and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We notified Brown of counsel's motion and he responded. The court then directed counsel to file supplemental briefing addressing "whether there is a nonfrivolous issue for appeal on plain error review regarding whether Brown's conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)." Counsel filed a supplemental *Anders* brief, in which counsel averred that there is no nonfrivolous issues for appeal and that this court "has rejected plain-error Second Amendment challenges premised on *Bruen* no less than six times this year." The court notified Brown of counsel's supplemental brief. Brown did not respond. The government has not filed any briefs in this appeal.

Upon independent review of the record and legal precedent, we conclude that Brown's claims of error are without merit. Brown further failed to

2

No. 22-30678

argue in the district court that § 922(g)(1) is unconstitutional. We thus review only for plain error. *United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022) (citation omitted); *United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994). The recent published decision in *United States v. Jones*, 88 F.4th 571 (5th Cir. 2023) (per curiam), squarely forecloses the question of whether a defendant may prevail on a *Bruen* challenge to § 922(g)(1) on plain error review. In other words, because there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and because it is not clear that *Bruen* dictates such a result, Brown is unable to demonstrate plain error. *See, e.g.*, *Jones*, 88 F.4th at 574.

\* \* \*

For the foregoing reasons, we GRANT counsel's motion for leave to withdraw and AFFIRM Brown's conviction.