**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 94-10400

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLES ADOLPH KUBOSH,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas

August 25, 1995

---

Before KING, HIGGINBOTHAM and PARKER, Circuit Judges.

ROBERT M. PARKER:

The appellant, Charles Adolph Kubosh ("Kubosh"), was charged with 22 counts of various narcotics-related offenses. A jury found Kubosh guilty on 21 counts. The district court sentenced him to a statutorily mandated term of life imprisonment on two counts, a term of life imprisonment on four counts, and other terms of varying lengths. The sentences were ordered to run concurrently. Kubosh does not challenge his underlying convictions and makes only legal challenges to the use of his prior convictions for statutory enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851. We affirm.

## I.    INTRODUCTION

Prior to the commencement of Kubosh's trial, the government filed a penalty enhancement information pursuant to 21 U.S.C. § 851.  That document alleged that, prior to the offenses charged in the instant case against Kubosh, he had been finally convicted in Texas state courts of the following felony drug offenses:  (1) possession of a controlled substance, March 7, 1989; (2) possession of a controlled substance, December 8, 1989; and (3) possession of a controlled substance, December 8, 1989.  The two offenses underlying convictions two and three occurred on the same day.  The three convictions combined to provide the enhancement of Kubosh's sentence to mandatory life imprisonment without the possibility of release.

Kubosh challenges the enhancement on three grounds.  First, he argues that because convictions two and three involved two counts of possession of the same narcotic on the same date, the two convictions are not separately countable for purposes of enhancement.  Second, Kubosh contends that the district court erred in refusing to reopen the statutory penalty enhancement hearing in order to allow Kubosh to present evidence and arguments that conviction one was constitutionally invalid and hence unavailable for enhancement purposes.  Last, Kubosh argues that enhancement on the basis of possession offenses which would be misdemeanors in some jurisdictions but which are classified as felonies under Texas law violates equal protection and due process.

III. ANALYSIS

A. <u>Prior Convictions Used for Enhancement</u>

21 U.S.C. § 841(b)(1)(A) provides for mandatory "life imprisonment without release" in cases of a violation of § 841 after two or more prior convictions for felony drug offenses. Because Kubosh has three prior convictions, he must successfully nullify two for the enhancement to be improper.

Kubosh challenges his first prior conviction on the ground that the district court erred in ruling as untimely Kubosh's constitutional objections to that conviction. On November 23, 1993, the district court set the penalty enhancement matter for hearing on December 16, 1993, and ordered Kubosh to file a written response to the information by December 10, 1993. On that date, Kubosh filed his response, stating only that "the convictions alleged in the Information are constitutionally invalid." No particulars were given. On December 16, 1993, the scheduled hearing was held, but Kubosh provided no further evidence or argument as to the constitutional validity of the prior convictions.

On January 19, 1994, over one month later, Kubosh submitted three CJA-24 forms, requesting the district court to authorize transcriptions of the proceedings in Kubosh's three prior state convictions. These forms stated that the transcripts were to be used for "appeal and sentencing proceedings, particularly in regard to the statutory enhancements for these prior state convictions."

3

The district court authorized the requests, and Kubosh received the transcripts on February 17, 1994.

In the meantime, on January 31, 1994, Kubosh filed a motion for continuance of his sentencing date in which the sole recited reason for the postponement was the pending investigation into the prior convictions. The district court granted the motion, finding that "failure to grant a continuance would deny defendant's counsel the reasonable time necessary for effective preparation." Sentencing was therefore continued until March 14, 1994.

Kubosh's attorney reviewed the transcripts and on March 10, 1994, filed supplemental objections to the presentence report. The supplement specifically requested that the statutory enhancement issue be reopened on the basis of alleged constitutional violations vitiating the first prior conviction. Kubosh then, for the first time, specified what the alleged constitutional violations were, including violations of the Fourth, Fifth, and Sixth Amendments.

On March 14, 1994, the government filed a response but addressed only Kubosh's Fourth Amendment objections. On March 15, 1994, the district court *sua sponte* reset sentencing to March 28, 1994. On March 23, 1994, the district court issued Tentative Findings on the sentencing issues raised in the pleadings to date. The district court stated that it would overrule Kubosh's constitutional challenges on the basis set out in the government's response. On March 24, 1994, Kubosh filed a response pointing out that because the government's response did not address the Fifth and Sixth Amendment arguments, the district court had likewise

4

failed to rule on those claims. Kubosh requested the district court to rule on those unaddressed claims and enter tentative findings as to them.

On March 28, 1994, the date of sentencing, the government filed another response to Kubosh's constitutional challenges. For the first time, the government argued that the challenges were untimely and that there was no good cause shown to warrant consideration of the challenges. At sentencing that same day, the district court overruled Kubosh's constitutional challenges partly on the basis that they were untimely. On appeal, Kubosh argues that the district court erred in precluding the constitutional challenges and refusing to reopen the statutory enhancement issue.

This Court has not announced a standard of review for a district court's refusal to hear a belated constitutional challenge to a prior conviction used for enhancement under 21 U.S.C. § 841(b)(1)(A). A district court's decision whether or not to reopen the evidence at a jury trial is reviewed for abuse of discretion. *United States v. Walker*, 772 F.2d 1172, 1177 (5th Cir. 1985). Similarly, a district court's refusal to reopen a suppression hearing is reviewed for abuse of discretion. *United States v. Hobbs*, 31 F.3d 918, 923 (9th Cir. 1994). By analogy, we therefore adopt the abuse of discretion standard for reviewing a district court's refusal to reopen a hearing on the issue of statutory enhancement.

The district court clearly ordered Kubosh to file a written response to the information "no later than 4:30 p.m. on December

5

10, 1993." It is also clear that the first time Kubosh presented his constitutional challenges with any sort of particularity was March 10, 1994. The district court did grant a continuance for Kubosh to obtain and review the transcripts of the state trials, but that was after the district court's deadline had already passed. Kubosh did not comply with the deadline, nor did he request a continuance prior to it. Therefore, it was not an abuse of discretion for the district court to refuse to reopen the enhancement issue.

Because we find that Kubosh's first prior conviction remains valid for enhancement purposes, we need not reach his argument concerning the merging of convictions two and three. Even if those two convictions were counted as only one, Kubosh would still have two prior convictions and be subject to enhancement.

B.  Constitutionality of Enhancement Provision

Kubosh's only other argument is that the enhancement of his sentence on the basis of possession offenses which would be misdemeanors in some jurisdictions but which are classified as felonies under Texas law violates equal protection and due process. This Court has not considered this specific question but has addressed an equal protection and due process argument in an analogous context. *See United States v. Mendiola*, 42 F.3d 259 (5th Cir. 1994) (defendant appealed from sentencing order that did not reflect offense-level reduction due to fact that drunk driving offense for which defendant was convicted while on escaped status was punishable by term of one year or more under state law).

6

Applying the rational basis test, the *Mendiola* court concluded, "'It is not irrational for Congress to defer to state law with regard to the characteristics of a prior offense.'" *Id.* at 262 (quoting *United States v. Lender*, 985 F.2d 151, 156 n.* (4th Cir. 1993)). *Mendiola* also rejected a due process argument on the same grounds. *Id.*

Following *Mendiola*, we find that Congress was well aware that different states classify similar crimes differently. Congress' deference to the states in this matter is not irrational.