**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 94-10400

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLES ADOLPH KUBOSH,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas

---

August 7, 1997

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:

In *United States v. Kubosh*, 63 F.3d 404 (5th Cir. 1995), we affirmed a sentence enhancement based on narcotics possession offenses. The Supreme Court subsequently vacated that opinion and remanded for further consideration in light of *Bailey v. United States*, 516 U.S. __, 116 S. Ct. 501 (1995). *Kubosh v. United States*, 116 S. Ct. 1012 (1996).

In his notice of appeal from the district court to this court, Kubosh stated that he appeals "from the judgment of conviction and sentence in this matter." In his brief to this court, however, Kubosh's statement of issues and argument contained references only

to sentencing enhancement matters. Kubosh did not challenge the underlying convictions in this case.

On petition for a writ of certiorari, Kubosh contended, for the first time, that the evidence was not sufficient to support his conviction of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and that the jury instructions regarding that count were erroneous.

Because Kubosh failed to challenge his conviction under § 924(c) in the district court, this court is limited to reviewing his conviction for plain error. *United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994) (citing Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.")).

> The Supreme Court has recently clarified an appellate court's power under Rule 52(b) "to correct errors that were forfeited because not timely raised in the District Court." *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993). In *Olano*, Justice O'Connor explained that an appellate court may exercise its authority under Rule 52(b) only if there is an "error," and the error is "plain," and the plain error affects "substantial rights." *Id.* at 1777-78. "Deviation from a legal rule is 'error' unless the rule has been waived." *Id.* at 1777. An error is "plain" if it is "clear" or "obvious." *Id.* Finally, in most cases, a plain error affects "substantial rights" when it is "prejudicial." In other words, it must affect "the outcome of the District Court proceedings." *Id.* at 1778. Once these conditions have been met, Rule 52(b) gives the Court of Appeals the discretion to correct errors not brought to the attention of a District Court. The Supreme Court has instructed us on how to exercise this discretion: the Court of Appeals should "correct a plain and forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 1779 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391, 392, 80 L. Ed. 555 (1936)).

2

*Knowles*, 29 F.3d at 950-951 (footnote omitted).

In *Bailey*, the Supreme Court rejected this Circuit's interpretation of what constituted "use" under § 924(c). In the instant case, the district court instructed the jury in accordance with the now-rejected Fifth Circuit law:

> The government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove "use," as that term is used in these instructions. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense. In other words, you must find that the firearm was an integral part of the drug offense charged.

In *Bailey*, the Court held that a conviction for use of a firearm requires a showing "that the defendant actively employed the firearm during and in relation to the predicate crime." *Bailey*, 116 S. Ct. at 509. Kubosh was arrested at his residence immediately after a controlled delivery of chemicals to that address. The three firearms that he was charged with "using" were discovered during a search of a different residence on that same date. There was no evidence that Kubosh actively used or employed the firearms. Therefore, the factual basis for Kubosh's § 924(c) conviction is insufficient, under *Bailey,* to support a conviction for use of a firearm in relation to the predicate drug offenses.

Basing a conviction on an improper interpretation of a statute is both "plain" and an "error" as *Olano* defines those terms. *See Knowles*, 29 F.3d at 951. Furthermore, the conviction affected Kubosh's "substantial rights" because the district court sentenced him to five consecutive years for the § 924(c) conviction. It is of no consequence that *Bailey* was decided after the proceedings in

3

the district court concluded. *Johnson v. United States*, 117 S. Ct. 1544, 1549 (1997)( holding "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration."). We therefore vacate Kubosh's conviction and sentence for violating § 924(c) and remand for resentencing.

We again reject Kubosh's other contentions on appeal, for the reasons stated in our prior opinion. *See Kubosh*, 63 F.3d at 404.

VACATED IN PART, AFFIRMED IN PART, and REMANDED FOR RESENTENCING.