IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20855
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

JAMES SANDLE,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
Southern District of Texas
_____
September 16, 1997

Before GARWOOD, JONES and STEWART, Circuit Judges.

GARWOOD, Circuit Judge:

        Defendant-appellant James Sandle (Sandle), convicted pursuant to his guilty plea of conspiracy to possess with intent to distribute cocaine base, appeals his 240-month sentence. Sandle asserts that the district court erred by using a prior Texas state conviction for cocaine possession to enhance his federal sentence and that the amount of cocaine base attributed to him in his presentence investigation report improperly reflected amounts attributable to his co-conspirators prior to his involvement in the conspiracy. The district court overruled his objections and sentenced him to the statutory minimum of twenty years' imprisonment. We affirm.

## Facts and Proceedings Below

As a result of an investigation conducted by the Brazos County, Texas, Narcotics Task Force and other local, state, and federal agencies concerning the crack cocaine market and distribution system in the Bryan/College Station, Texas, area, a federal grand jury returned a seventy-one count indictment charging Sandle and thirteen others with various drug-related offenses. Prior to re-arraignment, the government gave notice as required by 21 U.S.C. § 851 that it would seek to use Sandle's 1992 Texas state conviction for felony cocaine possession for sentence enhancement under 21 U.S.C. § 841(b)(1)(A). Pursuant to a plea agreement, Sandle pleaded guilty to conspiracy to possess with intent to distribute in excess of fifty grams of cocaine base, 21 U.S.C. § 841(b)(1)(A); 846 (count 2 of the indictment). The district court sentenced Sandle to 240 months' imprisonment, 10 years' supervised release, and a $50 special assessment. Also pursuant to Sandle's plea agreement, the government filed a motion to dismiss the remaining counts against Sandle, which the district court granted. Sandle appeals his sentence enhancement and the district court's adoption of the presentence investigation report. We affirm.

## Discussion

Sandle complains that the district court erred by applying section 841(b)(1)(A)'s enhancement provision to his conviction premised on a prior Texas state felony conviction for possession of cocaine and by attributing to him an amount of crack cocaine unsupported by his involvement with the drug conspiracy. "'We will

2

uphold a sentence unless it (1) was imposed in violation of  law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.'" *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994) (quoting *United States v. Headrick*, 963 F.2d 777, 779 (5th  Cir.1992)).  In this regard, the district court's interpretation of a federal statute is subject to *de novo* review.  *Id.*

I.   "Felony Drug Offense"

Sandle first contends that the district court erred by denying his motion to set aside his sentence enhancement under 21 U.S.C. § 841(b)(1)(A).  According to Sandle, because the applicable statute contains no express definition of "felony drug offense," we should look to section 4B1.2(2) of the United States Sentencing Guidelines, which defines "controlled substance offense."[1]  As "controlled substance offense" under section 4B1.2(2) requires an intent to manufacture, import, export, or distribute, *United States v. Gaitan*, 954 F.2d 1005, 1008 (5th Cir. 1992), Sandle argues that enhancement under section 841(b)(1)(A) likewise should not be

---

[1]   U.S.S.G. § 4B1.2, which defines the terms used in the career offender guideline (U.S.S.G. § 4B1.1), provides:

> "(2) The term 'controlled substance offense' means an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(2).

3

permitted when a prior "felony drug offense" is for "mere" possession. As Sandle's argument is founded on an erroneous reading of the enhancement statute, we reject his argument and affirm the district court's application of section 841(a)(1)(A)'s enhancement provision.

Section 841(b)(1)(A), as currently written, provides in pertinent part:

> "(b) Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>     (1)(A) In the case of a violation of subsection (a) of this section involving—
> . . .
>         (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
> such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . . *If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ."* 21 U.S.C. § 841(b)(1)(A) (West Supp. 1997) (emphasis added).

Far from omitting a statutory definition of "felony drug offense," section 802(44) provides:

> "(44) The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44) (West Supp. 1997).

This statutory definition has remained essentially consistent since its inception, in slightly different form, in 1984.[2]

---

[2] Prior to 1984, the enhancement provision applied only to prior *federal* drug-related felonies. *See* 21 U.S.C. § 841(b)(1)(A)

4

Sandle does not dispute that his prior Texas state conviction for possession of cocaine was final, *Gaitan*, 854 F.2d at 69, or that it was, in fact, an otherwise qualifying felony.[3]  Nor does Sandle dispute that Texas' system of deferred adjudication does not constitute a conviction for the purposes of section 841(b)(1)(A)'s sentence enhancement provision.  *See United States v. Cisneros*, 112 F.3d 1272, 1282 (5th Cir. 1997).  Rather, in the face of the statutory definition, which does not require the additional elements that he would have us read into "felony drug offense,"

---

(1981) ("felony under any other provision of this subchapter or subchapter II of this chapter or other *law of the United States* relating to narcotic drugs, marihuana, or depressant or stimulant substances") (emphasis added).  Section 502(1)(B)(iii) of the Comprehensive Crime Control Act of 1984, Pub L. No. 98-473, 98 Stat. 1976, 2069, however, amended section 841(b)(1)(A) to apply to prior felony convictions for drug-related offenses "of a State, the United States, or a foreign country."  Later, in 1988, Congress amended section 841(b)(1)(A)'s sentence enhancement provision to apply to "felony drug offense[s]" and defined the term within the same subparagraph.  Anti-Drug Abuse Act of 1988, § 6452(a)(1)&(2), Pub. L. No. 100-690, 102 Stat. 4181, 4371 ("For purposes of this subparagraph, the term 'felony drug offense' means an offense that is a felony under any provision of this title or any other Federal law that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances or a felony under any law of a State or a foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances.") (codified at 21 U.S.C. § 841(b)(1)(A)).  In 1994, Congress moved the definition of "felony drug offense" from section 841(b)(1)(A) to 21 U.S.C. § 802(43), slightly altering the wording to reflect its present incantation.  Violent Crime Control Act of 1994, § 90105(c)&(d), Pub. L. No. 103-322, 108 Stat. 1796, 1988.  In 1996, the definition was renumbered.  Comprehensive Methamphetamine Control Act of 1996, § 401(b)(3), Pub. L. No. 104-237, 110 Stat. 3099, 3107 (renumbering definition as section 802(44)).

[3]    The Texas sentence imposed on Sandle for his prior cocaine possession offense was a term of ten years' imprisonment, probated over eight years.

5

Sandle simply argues that application of section 841(b)(1)(A)'s enhancement provision is improperly triggered by a felony conviction for "mere" possession. Although this Court has affirmed sentences that were enhanced under section 841(b)(1)(a) for prior state convictions for simple possession of a controlled substance, *see United States v. Kubosh*, 63 F.3d 404, 405-06 (5th Cir. 1995) (rejecting arguments that, under section 841(b)(1)(A), prior possession convictions were improperly used to enhance sentence because they were constitutionally invalid, not separately countable, and misdemeanors in other jurisdictions), *vacated on other grounds*, 116 S.Ct. 1012 (1996); *United States v. Steen*, 55 F.3d 1022, 1028 (5th Cir.) (rejecting challenge to enhancement based on improper notice under section 851), *cert. denied*, 116 S.Ct. 577 (1995); *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988) (rejecting argument that probated sentence for possession of marihuana was not "final" for purposes of section 841(b)(1)(A) enhancement), we have yet to expressly address this precise issue.

The Eleventh Circuit, in *United States v. Hansley*, 54 F.3d 709, 715-16 (11th Cir.), *cert. denied*, 116 S.Ct. 540 (1995), rejected an argument similar to that advanced by Sandle. In *Hansley*, the appellant challenging his enhancement under section 841(b)(1)(A) argued that Congress did not intend to subject "mere possession offenses" to the enhancement provision. *Id*. at 717. Quoting the definition of "felony drug offense," the Eleventh Circuit held that "under the plain language of the statute, it

6

appears that a 'felony drug offense' includes *any* criminal conduct relating to narcotics, including simple possession, which a state has proscribed as a felony." *Id.* at 718 (emphasis in original). The Eleventh Circuit also observed that the use of "serious drug offense" in 18 U.S.C. § 924(e), which is limited to "'offense[s] under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance,'" *id.* (quoting 18 U.S.C. § 924(e)(2)(A)(ii)), and thereby expressly excludes state convictions for simple possession, supports an inference that Congress intended no such limitation to apply in section 841(b)(1)(A). *See also United States v. Mabry*, 3 F.3d 244, 251 (8th Cir. 1993) (noting that "felony drug offense" in section 841(a)(1)(B) is defined "to include any felony drug offense under state law"), *cert. denied*, 114 S.Ct. 1403 (1994).

We find *Haynes* persuasive. Nothing in the statutory definition of "felony drug offense" suggests that the term is limited to those possession offenses involving an additional intent element. Neither section 841(b)(1)(A) nor section 802(44) is ambiguous in this regard. Although Sandle would have us look to the more restrictive definition of "controlled substance offense" under section 4B1.2(2) of the Sentencing Guidelines, we have no need to utilize the guidelines where the statute plainly mandates a more severe sentence. "[T]he guidelines provide that '[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.'" *United States v.*

7

*Levay*, 76 F.3d 671, 674 (5th Cir. 1996) (quoting U.S.S.G. § 5G1.1(b) (1993)). *See also United States v. McGlory*, 968 F.2d 309, 349 (3d Cir. 1992) (rejecting appellant's position that U.S.S.G. § 4B1.2 definition of "prior felony conviction" should control for purposes of section 841(b)(1)(A) because the statutory definition was clear and not so limited), *cert. denied*, 113 S.Ct. 1388 (1993).

We hold that the statutory definition of "felony drug offense" set forth in section 802(44) controls this appeal and that a felony state conviction for simple possession that otherwise qualifies under section 841(a)(1)(B) triggers that section's enhancement provision. The definition Sandle proffers from the guidelines is inapposite. It is undisputed that under Texas law Sandle's cocaine possession for which he was previously convicted by the Texas court constituted under Texas law a violation of that law's prohibition or restriction of conduct relating to narcotic drugs which was punishable under that law by imprisonment for more than one year. Sandle's prior Texas state conviction for cocaine possession was properly considered a prior felony drug offense under section 841(b)(1)(A)'s enhancement provision.

II. Presentence Investigation Report

Sandle next argues that the district court erred by denying his objection to the presentence investigation report's attribution to him of the 683 grams of cocaine for which his co-conspirator Melvin Smith, the leader and organizer of the drug conspiracy, was held accountable. According to Sandle, as he was not involved in the drug conspiracy until February 1994, he should not have drugs

from deals completed prior to his entry into the conspiracy attributed to him. Sandle argues that a lower figure——63.64 grams——should have been attributed to him.

Assuming Sandle's assertion to be true, his sentence is nevertheless supported under section 841(b)(1)(A), which calls for a minimum sentence of 240 months for prior felony drug offenders, like Sandle, who are convicted of conspiracy to possess with intent to distribute "50 grams or more of a mixture or substance . . . which contains cocaine base." 21 U.S.C. §§ 841(b)(1)(A)(iii); 846 (West Supp. 1997). In his written objections to the presentence investigation report, Sandle expressly acknowledged that 63.64 grams of cocaine base were properly attributable to him. Had the district court not attributed the additional cocaine base to Sandle, it nevertheless could not have been any more lenient to him than it was. Even using solely Sandle's admitted amount, he would have received the mandatory statutory minimum——twenty years' imprisonment. His sentence could not have been any lower in light of his prior Texas state felony drug conviction. Accordingly, any error (if there was any) in this regard was harmless. *See United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1224-25 (5th Cir.) (rejecting sentencing challenge where either the amount attributed to appellant (13,600 kilograms) or the amount limited to the cocaine actually received by appellant (3,600 kilograms) would have resulted in the same offense level), *cert. denied*, 114 S.Ct. 2138 (1994). As the district court would necessarily have reached the

9

same sentencing result regardless of Sandle's asserted error,[4] a remand is unnecessary. *Williams v. United States*, 112 S.Ct. 1112, 1120-21 (1992).

## Conclusion

As the district court properly found that Sandle's 1992 Texas state felony drug conviction for cocaine possession triggered the enhanced sentencing provision of 21 U.S.C. § 841(b)(1)(A), and because the asserted misattribution of an additional amount of cocaine base to Sandle over 63.64 grams, if indeed it was a misattribution, did not in any way affect, and could not have affected, the district court's conclusion that Sandle came within the terms of the statutory mandatory minimum sentence which the district court imposed in light of the 63.64 grams Sandle acknowledged were properly attributed to him, we AFFIRM Sandle's conviction and sentence.

AFFIRMED

---

[4]     The district court itself recognized this.

10