United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-41332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

LUIS ARTEMIO INGUANZO,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-16-2
--------------------------------------------------------------

Before BARKSDALE, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Artemio Inguanzo appeals his guilty-plea conviction and sentence for conspiracy to

distribute or possess with intent to distribute 500 grams or more of methamphetamine.  Inguanzo

argues that there was not a sufficient basis for the district court to accept his guilty plea.  The

Government asserts that Inguanzo waived his right to appeal this issue in his plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Whether a defendant can waive his right to appeal on the ground that there was an insufficient factual basis to support his guilty plea is an open question in this circuit. *See United States v. Baymon*, 312 F.3d 725, 727-28 (5th Cir. 2002). However, we need not resolve this issue in the present case because Inguanzo has not shown that he is entitled to relief even if the issue was not waived. Contrary to Inguanzo's assertion, his objection at sentencing based upon *Blakely v. Washington*, 524 U.S. 296 (2004), did not preserve this issue for review and we review the issue for plain error only. *See United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997). Given the statements in the factual resume Inguanzo signed and Inguanzo's statements at rearraignment, the district court did not plainly err by finding that there was a sufficient factual basis for Inguanzo's guilty plea. *See United States v. Antone*, 753 F.2d 1301, 1305 (5th Cir. 1985); *Baymon,* 312 F.3d at 729.

Inguanzo argues that his sentence violates the Sixth Amendment under *United States v. Booker,* 125 S. Ct. 738 (2005), because it was enhanced based upon facts that were neither admitted nor proven to a jury beyond a reasonable doubt. He further asserts that the district court erred by sentencing him pursuant to a mandatory application of the sentencing guidelines.

Inguanzo received the statutory minimum sentence for the offense to which he pleaded guilty. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii) & 846. Accordingly, his sentence was based solely on conduct to which he pleaded guilty and no Sixth Amendment violation occurred. *See Booker*, 125 S. Ct. at 749-50. Nevertheless, the district court committed *Fanfan* error by sentencing Inguanzo pursuant to a mandatory application of the sentencing guidelines. See id. at 769; *United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir. 2005), *cert. denied*, __ S. Ct. __, 2005 WL 2494163 (Oct. 11, 2005) (No. 05-6242).

Assuming, arguendo, that Inguanzo's *Blakely* objection preserved this issue for appeal, the question before this court is whether the error was harmless beyond a reasonable doubt. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005).  The error in this case was harmless beyond a reasonable doubt because Inguanzo received the statutory minimum sentence and because the district court stated that it would impose the same sentence if the guidelines were held unconstitutional. See United States v. Sandle, 123 F.3d 809, 812-13 (5th Cir. 1997); United States v. Sealed Appellant 1, 140 Fed. Appx. 571, 572 (5th Cir. 2005) (unpublished).

AFFIRMED.