United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-40198
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER REGALADO-FLORES, also known as Pedro Sanchez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(No. 5:04-CR-1387)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Javier Regalado-Flores appeals the 24-month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1325. The Guideline range with the "aggravated felony" enhancement was thirty-three to forty-one months' imprisonment, but the statutory maximum under 8 U.S.C. § 1325 was two years. This court previously affirmed the sentence of Regalado-Flores. *United States v. Regalado-Flores*, 185 F. App'x 397 (5th Cir. 2006).

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The Supreme Court vacated and remanded the case for reconsideration in light of *Lopez v. Gonzalez*, 127 S.Ct. 625 (2006). *Regalado-Flores v. United States*, 127 S.Ct. 1147 (2007). Following the Supreme Court's remand, we requested and received supplemental letter briefs from both parties regarding the impact of *Lopez*.

Regalado-Flores argued for the first time in his petition for certiorari that the district court erred by characterizing his prior state felony convictions for possession of a controlled substance as "aggravated felonies" for the purposes of U.S.S.G. § 2L1.2(b)(1)(C), thereby enhancing his sentence by eight levels. This court will not consider a *Lopez*-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005).

Regalado-Flores argues that this court's holding in *Taylor* is not controlling because it is contrary to earlier precedent in this circuit and plain error is therefore the proper standard of review in this case.[1] *See United States v. Kubosh*, 120 F.3d 47 (5th Cir. 1997). He concedes, however, that he cannot make the necessary showing of plain error that is required by our precedent in *United States v. Mares*, 402 F.3d 511, 521 (5th Cir.), *cert. denied*, 126 S.Ct. 43 (2005). Without the "aggravated felony" enhancement, the applicable Guideline imprisonment range for Regalado-Flores is twenty-four to thirty months, which overlaps with the twenty-four months actually imposed by the district court in this case. Regalado-Flores has failed to carry his burden of establishing that the error affected his substantial rights. *See United States v. Villegas*, 404 F.3d 355, 363-64 (5th Cir. 2005).

---

[1]Regalado-Flores also reserves for review his contention that "an error in the application of the Guidelines that results in use of higher sentencing range should be presumed to affect the defendant's rights." *United States v. Knight*, 266 F.3d 203, 207 (3d Cir. 2001). This argument is foreclosed by circuit precedent. *See United States v. Wheeler*, 322 F.3d 823, 828 n.1.

2

The district court could, on remand, impose the same sentence. *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003). Alternatively, it is not reasonably probable that, but for the district court's misapplication of the Guidelines, Regalado-Flores would have received a lesser sentence because the correct Guideline range and the statutory maximum overlap. *See United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005); *Villegas*, 404 F.4d at 364. Because Regalado-Flores fails to show plain error, he also fails to meet the much more demanding standard of extraordinary circumstances. *See Taylor*, 409 F.3d at 677.

Accordingly, we conclude that nothing in the Supreme Court's *Lopez* decision requires us to change our prior affirmance in this case. Therefore, we reinstate our judgment affirming the defendant's sentence.