# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-11183
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

GEORGE WHITEHEAD, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-11

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

George Whitehead, Jr. was convicted by a jury of possession of more than fifty grams of a mixture or substance containing a detectable amount of cocaine base with intent to distribute and being a felon in possession of a firearm. He appeals these convictions as well as the mandatory sentence of life imprisonment imposed under 21 U.S.C. § 841(b)(1)(A).

Whitehead argues that the district court erred in its determination that his confession was voluntary. He contends that law enforcement officers coerced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his confession by threatening to arrest his wife if he did not provide information regarding his offenses.

"While the ultimate determination of voluntariness is a question of law reviewed de novo, this court must accept the factual conclusions underlying the district court's determination of voluntariness unless they are clearly erroneous." United States v. Garcia Abrego, 141 F.3d 142, 170 (5th Cir. 1998). "A confession is voluntary if, under the totality of the circumstances, the statement is the product of the accused's free and rational choice." Id. (citation and quotation marks omitted).

The district court heard testimony from a law enforcement officer regarding the events surrounding Whitehead's arrest, and it also heard Whitehead's version of the events. Consistent with the testimony of the law enforcement officer, the district court found that the officers had not threatened to arrest Whitehead's wife. The district court found that the officers attempted to accommodate Whitehead by making sure that the children present in the house would have proper care. The district court also found, based on Whitehead's demeanor and history, that Whitehead could not have been persuaded to make a statement based on a promise that his wife would not be arrested if he cooperated. These factual findings, which underlie the district court's ultimate determination that Whitehead's confession was voluntary, are not clearly erroneous. See Garcia Abrego, 141 F.3d at 170; United States v. Shabazz, 993 F.2d 431, 438 (5th Cir. 1993). Whitehead has not shown that the district court erred in determining that his confession was voluntary.

Whitehead also argues that the district court erred in enhancing his sentence under 21 U.S.C. § 841(b)(1)(A) because his prior Texas convictions for delivery of a controlled substance and possession with intent to deliver a controlled substance are broader than the definition of a "controlled substance offense" found in the federal statutes. This argument is foreclosed by United States v. Sandle, 123 F.3d 810, 811-12 (5th Cir. 1997). "Although Sandle would

have us look to the more restrictive definition of 'controlled substance offense' under section 4B1.2(2) of the Sentencing Guidelines, we have no need to utilize the guidelines where the statute plainly mandates a more severe sentence." Id. at 812. Whitehead's Texas convictions meet the definition of "felony drug offense" as set forth in 21 U.S.C. § 802(44).

Whitehead's contention that an offense involving the possession of a controlled substance should not be used for enhancement under § 841 absent a showing of intent to engage in the transfer or trafficking of drugs is likewise foreclosed by Sandle. "Nothing in the statutory definition of 'felony drug offense' suggests that the term is limited to those possession offenses involving an additional intent element." Sandle, 123 F.3d at 812. Whitehead's convictions under Texas law for possession of cocaine were properly considered prior felony drug offenses under the enhancement provision of 21 U.S.C. § 841(b)(1)(A).

AFFIRMED.