# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2013

Lyle W. Cayce
Clerk

No. 12-30817
Summary Calendar

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MARTIN VICTOR, JR.,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-320-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Martin Victor, Jr., was sentenced, *inter alia*, to 240 months' imprisonment, pursuant to his guilty-plea conviction for conspiracy to distribute, and possess with intent to distribute, at least five kilograms of cocaine and at least 280 grams of cocaine base, in violation of 21 U.S.C. § 846. He challenges his sentence, contending: the district court should have used a different version of the Sentencing Guidelines; and it erroneously attributed to him 42 kilograms of cocaine base in calculating his base offense level.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

We need not determine whether the district court erred, or what standard of review is appropriate, because any errors were harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010) (for harmless error, Government must show district court would have imposed same sentence for same reasons in absence of error). Victor's 240-month sentence was the statutory minimum. 21 U.S.C. § 841(b)(1)(A). The advisory Guidelines sentencing range was 360 months' to life imprisonment; the court instead imposed the statutory minimum on the Government's motion, pursuant to Guideline § 5K1.1, for a below-Guidelines sentence based on Victor's substantial assistance.

The district court lacked authority to impose a sentence below the statutory minimum absent a statutory exception, as discussed *infra*. *E.g.*, *United States v. Montes*, 602 F.3d 381, 390 (5th Cir. 2010). An error in calculating the advisory Guidelines sentencing range in such circumstances is harmless, because the district court could not have imposed a lower sentence. *E.g.*, *United States v. Sandle*, 123 F.3d 809, 813 (5th Cir. 1997).

Victor contends the claimed errors were not harmless because, but for the claimed inflated drug quantity and advisory Guidelines sentencing range, the Government likely would have moved under 18 U.S.C. § 3553(e) or Federal Rule of Criminal Procedure 35 for a sentence below the statutory minimum. The drug

quantity and Guidelines range are not relevant considerations in a motion under § 3553(e) or Rule 35(b); under either provision, the district court, upon the Government's motion, may sentence or reduce defendant's sentence below the statutory minimum only in consideration for defendant's substantial assistance. 18 U.S.C. § 3553(e) (motion prior to sentencing); FED. R. CRIM. P. 35(b) (motion to reduce sentence within one year after sentencing); *see also United States v. Alvarez*, 51 F.3d 36, 39 (5th Cir. 1995).

AFFIRMED.