**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0110n.06

**No. 17-5301**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 02, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BROC KALON WHITFIELD, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE:** GILMAN, ROGERS, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Broc Kalon Whitfield pled guilty to a single count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Whitfield as a career offender under the United States Sentencing Guidelines (USSG) § 4B1.1(b) based on two prior controlled substances convictions and imposed a sentence of 198 months of imprisonment followed by an eight-year term of supervised release. Whitfield appeals his sentence, arguing that his designation as a career offender violates the Fourteenth Amendment's due process and equal protection provisions. We **AFFIRM.**

## I.     BACKGROUND

Between April 21 and June 24, 2016, confidential informants acting on behalf of the Kentucky State Police purchased a total of 85.822 grams of crack cocaine from Whitfield. In total, six controlled buys occurred, and the largest single transaction involved just over an ounce

of crack cocaine.[1]  As a result of these transactions, Whitfield was indicted on September 1, 2016, and charged with two counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Prior to sentencing, Whitfield submitted a pro se motion requesting the district court "to consider a 1 to 1 crack to powder ratio."  In addition to Whitfield's pro se motion, defense counsel prepared a sentencing memorandum reiterating Whitfield's arguments regarding the crack-to-powder cocaine disparities and arguing that the relatively small quantities of drugs involved in both the instant case and Whitfield's prior offenses merited a downward variance.

At the sentencing hearing, Whitfield personally addressed the district court at length, requesting the court to "waiver[ ] against applying the 4B1 career criminal enhancement or depart downward for the category VI, final offense level 34."  Whitfield emphasized the relatively small quantities of drugs involved in his offenses and implored the court to determine that these circumstances warranted a downward departure.  Defense counsel reiterated that the drug transactions Whitfield had conducted involved small quantities and added that Whitfield had a stable work history and sold drugs to pay for  legal assistance in his battle to obtain custody of his daughter and remove her from a dangerous situation.

The district court concluded that Whitfield was a career offender based on two prior felony controlled substance offenses.  In May 2011, Whitfield was found guilty of trafficking an unspecified controlled substance in the second degree, in violation of Kentucky Revised Statutes (Ky. Rev. Stat.) §  218A.1413, and sentenced to thirty months in prison.  In January 2014, Whitfield was sentenced to five years of imprisonment for trafficking cocaine in the first degree, in violation of Ky. Rev. Stat. § 218A.1412.  *Id.*  Based on a total offense level of 34 and a criminal history category of VI, Whitfield's advisory Guidelines range was 262 to 327 months of

---

[1] The transactions included: 3.428 grams sold on April 16, 2016; 2.211 grams sold on April 22, 2016; 3.304 grams sold on May 4, 2016; 3.87 grams sold on May 9, 2016; 6.424 grams sold on June 9, 2016; 31.831 grams sold on June 22, 2016; and 34.754 grams sold on June 24, 2016.

imprisonment. The district court applied a downward variance and imposed a sentence of 198 months of imprisonment. Whitfield filed this timely appeal of his sentence.

## II.     ANALYSIS

### A. Standard of Review

Whitfield raises constitutional due process and equal protection challenges to his sentence. "While constitutional challenges are typically reviewed de novo, when the argument was not raised at the district court[,] 'Sixth Circuit precedent requires application of the plain error standard.'" *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir. 2008) (quoting *United States v. Barton*, 455 F.3d 649, 652 (6th Cir. 2006)). Whitfield argues that by raising a pro se general objection to his career offender designation, his constitutional challenges to his sentence were adequately preserved, warranting de novo review. Even under the liberal pleading standards afforded pro se litigants, Whitfield's constitutional challenges to his sentence and designation as a career offender were not sufficiently raised before the district court. *See United States v. Houston*, 792 F.3d 663, 666–67 (6th Cir. 2015) (requiring adequate specificity to objections from pro se litigants). Therefore, we review Whitfield's argument that his sentence violates constitutional due process and equal protection requirements for plain error.

Under plain-error review, "the burden is on the defendant to show (1) [an] error that (2) was plain, (3) affected defendant's substantial rights, and (4) seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Ushery*, 785 F.3d 210, 218 (6th Cir. 2015) (citing *United States v. McCreary-Redd*, 475 F.3d 718, 721 (6th Cir. 2007)).

**B. Constitutional Challenges**

The gravamen of Whitfield's argument is that because his prior conviction for trafficking an unspecified amount of an unspecified substance would not constitute a § 4B1.1(b) qualifying conviction in certain other states, his designation as a career offender violates the Constitution's equal protection and due process provisions. Whitfield reasons that had the identical trafficking activity that led to his 2011 Kentucky conviction occurred across the state line in Ohio, the Ohio drug offender would not have been convicted of a career criminal predicate offense. This is so because in some states, such as Ohio, trafficking of smaller amounts of cocaine does not constitute a felony offense carrying a term of imprisonment in excess of one year.[2] Therefore, a similarly situated Ohio defendant would not qualify as a career criminal, whereas Whitfield does, despite engaging in identical conduct.

At the outset, we must clarify that Whitfield's argument invoking the Fourteenth Amendment's due process and equal protection guarantees is instead properly grounded in the Fifth Amendment, which is "applicable to the federal government." *United States v. Baker*, 197 F.3d 211, 215 n.1 (6th Cir. 1999). Although the Fifth Amendment "does not explicitly guarantee equal protection of the laws[,] . . . the United States Supreme Court has found that the Due Process Clause of the Fifth Amendment encompasses an equal protection guarantee." *Id.* (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)).

We have previously addressed Whitfield's argument, albeit in an unpublished opinion. *See United States v. Smith*, 681 F. App'x 483 (6th Cir. 2017). *Smith* held that "[t]he fact that different states punish the possession of a certain amount of a controlled substance differently, thus making the same conduct a predicate for a career-criminal enhancement for some

---

[2] In Ohio, trafficking less than ten grams of cocaine is a fourth degree felony. Ohio Rev. Code § 2925.03(4)(c). Pursuant to Ohio Rev. Code § 2929.13, non-violent first offenders convicted of fourth degree felonies shall be sentenced to community corrections rather than imprisonment.

defendants but not for others, does not give rise to a constitutional challenge to the Guidelines." *Id.* at 490 (citing *United States v. Kubosh*, 63 F.3d 404, 407 (5th Cir. 1995), *vacated on other grounds*).

The reasoning in *Smith* is persuasive. Under our federal system, "the States possess primary authority for defining and enforcing the criminal law." *United States v. Lopez*, 514 U.S. 549, 561 n.3 (1995). In crafting the federal sentencing Guidelines and substantive federal criminal laws, Congress was well aware of the significant variations that existed in state criminal law. *See Kubosh*, 63 F.3d at 407 ("Congress was well aware that different states classify similar crimes differently. Congress' deference to the states in this matter is not irrational.").

Whitfield has also failed to articulate how the decision of Congress to rely on the definitions of criminal conduct in the various states to determine career offender designations implicates a suspect class or a fundamental right. We thus examine Whitfield's equal protection argument under rational-basis review. *Baker*, 197 F.3d at 216. This level of review "is highly deferential to Congress's judgment in enacting a particular statute. To survive rational basis review, a statute need only be rationally related to a legitimate governmental interest." *Id.* Reliance on the states' definitions of criminal conduct is deeply rooted in our federal system, in which "[t]he States possess primary authority for defining and enforcing the criminal law." *Brecht v. Abrahamson*, 507 U.S. 619, 635 (1993) (internal quotation marks and citations omitted). Congressional deference to state definitions of criminal conduct, moreover, promotes comity and principles of federalism. Whitfield has failed to carry his burden of demonstrating that Congress's deference to state definitions of criminal conduct bears no rational relationship to a legitimate government interest. His due process and equal protection arguments are therefore unavailing.

### C. Vagueness

Whitfield's contention that his case raises an issue of "absolute vagueness" fares no better. Whitfield argues that because one of his predicate offense convictions involves a conviction that on its face neither specifies the quantity nor the controlled substance that was trafficked, "one cannot really discern whether the offense involved a banned, controlled substance in any jurisdiction, but for the fact that the only information in the notice of intent to enhance and the [Presentence Investigative Report (PSR)] simply *says so.*"

The appropriate time to object to the factual basis of a PSR is before the district court, prior to sentencing, which Whitfield failed to do. A "[d]efendant's failure to raise any sort of challenge in the proceedings below operates as an admission as to the drug types and quantities set forth in the [PSR], and thereby provides the requisite factual basis to sustain" a defendant's conviction. *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001). Under Federal Rule of Criminal Procedure 32, the district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). The district court's obligation to make factual findings under the preponderance of the evidence standard is triggered only when the content of the PSR is disputed. Fed. R. Crim. P. 32(i)(3)(B); *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007) ("As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises."). Because Whitfield did not object to the PSR below, this obligation was not triggered, and the court reasonably relied on the PSR.

Whitfield urges that his case is similar to *United States v. Hernandez*, 145 F.3d 1433 (11th Cir. 1998), in which the statute of conviction encompassed both purchase and sale of a controlled substance, only the latter of which constitutes a controlled substance offense under the

Guidelines. The Eleventh Circuit reversed the district court because the latter utilized the arrest affidavits rather than conviction documents such as the plea agreement and plea transcripts to evaluate the defendant's conduct. *Id.* at 1440. *Hernandez* is distinguishable from this case because Whitfield's PSR unambiguously makes references to the transcript of the sentencing proceedings to determine that Whitfield pled guilty to trafficking a Schedule II substance. In short, the district court did not err in determining that Whitfield's prior crimes constituted career offender predicate offenses.

Whitfield was a small-time drug dealer. The largest single transaction underlying his conviction was barely more than an ounce of crack cocaine. We cannot conclude, however, that Whitfield's criminal record did not qualify him as a career offender as a matter of law.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM**.