# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50956
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE VICTOR MONZON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-257-7

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joe Victor Monzon appeals his 120-month sentence under 21 U.S.C. § 841(b)(1)(A)(viii) for conspiracy to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. According to Monzon, the district court miscalculated his guidelines range based on an erroneous drug quantity, and it erred by denying relief from the 10-year statutory minimum sentence under the safety valve in 18 U.S.C. § 3553(f). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges the underlying, implicit findings by the court that he discussed purchasing methamphetamine with a coconspirator in a series of intercepted communications from May to July 2018 and that he was untruthful when he later asserted to the Government that they were discussing marijuana.

Any error by the district court in calculating Monzon's guidelines range was harmless because he received the statutory minimum 10-year sentence under § 841(b)(1)(A)(viii) and was not eligible for a lower sentence under the safety valve, as discussed below. *See United States v. Sandle*, 123 F.3d 809, 812-13 (5th Cir. 1997). To the extent he contends that the mandatory minimum did not apply because the Government failed to prove beyond a reasonable doubt that he was responsible for at least 500 grams, the argument is meritless. Monzon pleaded guilty to an indictment charging him with that amount and stipulated that the Government would prove all elements of the offense at trial.

In denying safety valve relief, the district court implicitly found under § 3553(f)(5) that Monzon was untruthful when he asserted that he was arranging to purchase marijuana, not methamphetamine, from his coconspirator in the intercepted communications. We review that finding for clear error. *United States v. Towns*, 718 F.3d 404, 412 (5th Cir. 2013).

Monzon disputes that he and his coconspirator were discussing methamphetamine, citing his own statements admitting limited methamphetamine activity that ended before the wiretaps began, his coconspirator's signed statement that the substance they discussed was marijuana, information in the presentence report showing that Monzon had $300 in the bank and a truck with an outstanding loan, and his situation living with his parents. He also asserts that the Government lacked direct proof that he purchased only methamphetamine during the relevant period and that the

district court improperly inferred that the substance was methamphetamine based on his prior purchases of the drug.

The district court was entitled to credit the testimony of the investigating agent that the substance discussed in the intercepted communications was methamphetamine over Monzon's self-serving and unsworn assertions to the contrary and the statement of his coconspirator, a convicted drug dealer. *See United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995). Even considering Monzon's financial and living situation, the entirety of the record does not leave a "definite and firm conviction" that a mistake was committed. *United States v. Oti*, 872 F.3d 678, 699 (5th Cir. 2017). Instead, the district court's implicit findings that the substance was methamphetamine and that Monzon was untruthful in claiming it was marijuana were "plausible in light of the record as a whole" and thus not clearly erroneous. *Id.* at 700 (internal quotation marks and citation omitted). Accordingly, we find no error in the denial relief under the safety valve. *See* § 3553(f)(5); *Towns*, 718 F.3d at 412.

The judgment of the district court is AFFIRMED.