# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2024

Lyle W. Cayce
Clerk

————————

No. 23-20542
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NELSON BERMUDEZ,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-596-1

————————————————————

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Nelson Bermudez appeals his 120-month term of imprisonment imposed following his guilty plea conviction for possession with intent to distribute one kilogram or more of heroin. On appeal, Bermudez argues that the imposed sentence is unreasonable because the district court erred by denying the government's motion for a downward

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

departure and by applying a two-level upward adjustment under U.S.S.G. § 3B1.4.

First, we lack jurisdiction to consider his challenge to the district court's denial of the government's motion for a downward departure because that denial was not based on an erroneous belief that the court lacked authority to depart. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018); *United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013). Bermudez's appeal is therefore dismissed in part for lack of jurisdiction.

Next, Bermudez contends that the district court committed a significant procedural error by applying a § 3B1.4 adjustment to his sentence based on his use of a minor to commit the offense. Even if he were correct, however, any procedural error was harmless because the district court sentenced Bermudez to the statutory minimum term of imprisonment. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009); *United States v. Sandle*, 123 F.3d 809, 813 (5th Cir. 1997); 21 U.S.C. § 841(b)(1)(A). The district court's judgment is thus affirmed in part.

Finally, under Federal Rule of Criminal Procedure 36, we may review a judgment sua sponte for clerical errors and remand for the limited purpose of correcting those errors. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015). In this case, the written judgment incorrectly describes Bermudez's offense of conviction as "Conspiracy to possess with intent to distribute a controlled substance, involving 1 kilogram or more of heroin." The record shows that Bermudez was charged with, and pleaded guilty to, "possession with intent to distribute one kilogram or more of heroin." Accordingly, this case is REMANDED to the district court for the limited purpose of correcting the clerical error in the written judgment. *See* Fed. R. Crim. P. 36.

No. 23-20542

DISMISSED in part; AFFIRMED in part; and REMANDED in part.