**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Troy L. FRAZIER, Defendant–
Appellant.**

**No. 10–30713
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 17, 2011.

Jennifer McDaniel Kleinpeter, Esq., Assistant U.S. Attorney U.S. Attorney's Office Baton Rouge, LA, for Plaintiff–Appellee.

Christopher Albert Aberle, Mandeville, LA, for Defendant–Appellant.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Troy L. Frazier pleaded guilty to distribution of 50 grams or more of cocaine base. The district court imposed the man-

---

datory statutory minimum sentence of 120 months in prison. Frazier argues that the Fair Sentencing Act of 2010(FSA), Pub.L. No. 111–220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010), should be applied to cases on direct appeal and seeks to have his sentence vacated and remanded for resentencing in accordance with the provisions of the FSA.

The FSA, which became effective on August 3, 2010, amended the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. FSA, Pub.L. No. 111–220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010). Among other things, it amended § 841(b)(1)(A)(iii), by increasing from 50 grams to 280 grams the amount of crack cocaine a defendant must possess before he is subject to a ten-year mandatory minimum sentence. *Id.*

In the instant case, there is no question that Congress repealed and replaced § 841(b)(1)(A)(iii), by enacting the FSA. However, the FSA is silent on the issue of retroactivity. *See* FSA, Pub.L. No. 111–220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010). Frazier argues that the retroactivity issue has not been addressed in this circuit. Subsequent to the filing of Frazier's brief, this court issued a published decision holding that the FSA does not apply to defendants who were sentenced prior to its enactment. *See United States v. Doggins,* 633 F.3d 379, 384 (5th Cir. 2011).

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.
* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.