# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2013

No. 11-30248
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN SENECA FIELDS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20014-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Christian Seneca Fields pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, cocaine base, and marijuana, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 846. Fields argues that the district court erred when it denied his motion to suppress. He contends that he was illegally stopped for Fourth Amendment purposes when he complied with an order to stop walking away

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from the police and to come to the street because the officers lacked reasonable suspicion to suspect that criminal activity was afoot.

When reviewing the denial of a motion to suppress, this court reviews the district court's fact findings for clear error and its legal conclusions de novo. *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010). The Fourth Amendment prohibits, among other things, unreasonable seizures of persons that fall short of traditional arrest. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Fields was stopped for Fourth Amendment purposes when the officers ordered him to meet them at the end of the driveway. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980); *United States v. Jackson*, 390 F.3d 393, 397 (5th Cir. 2004), *vacated on other grounds*, 544 U.S. 917 (2005).

Information obtained from a 911 call, the officers' experience with the neighborhood as active in drugs, and Fields's furtive behavior validated the officers' suspicion that Fields was engaged in criminal conduct. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000)*; Gomez*, 623 F.3d at 269; *United States v. Grant*, 349 F.3d 192, 198 (5th Cir. 2003). Thus, the district court did not err when it determined that, under the totality of the circumstances, the officers had reasonable suspicion to believe that Fields was involved in illegal drug activity. *See Arvizu*, 534 U.S. at 273; *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Fields's conviction is affirmed.

Fields also argues that the district court plainly erred because it failed to sentence him under the Fair Sentencing Act (FSA). Fields filed a pro se notice of appeal only from the denial of his motion to the suppress the evidence. The court will, however, construe Federal Rule of Appellate Procedure 3(c)(1)(B) liberally and exercise jurisdiction over Fields's appeal from his sentence. *See United States v. Knowles*, 29 F.3d 847, 949 (5th Cir. 1994); *Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991); *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990).

The FSA amended the Controlled Substances Act and Controlled Substances Import and Export Act effective August 3, 2010, by changing the drug quantities necessary to trigger mandatory minimum sentences. FSA, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (Aug. 3, 2010); *United States v. Frazier*, 428 F. App'x 479, 480 (5th Cir. 2011). Pertinent to this appeal, the FSA increased the amount of cocaine base required for the 10-year minimum under § 841(b)(1)(A)(iii) from 50 grams to 280 grams. Pub. L. No. 111-220, § 2(a)(1); *Frazier*, 428 F. App'x at 480.

Fields admitted in a Stipulated Factual Basis to manufacturing for distribution more than 50 grams of cocaine. The district court held him accountable for 50 grams of cocaine, and his correct applicable guideline range is 70 to 87 months. Because it is highly likely that, had the district court applied the FSA, it would have imposed the now applicable 10-year minimum sentence, and it is reasonably certain that the court would have imposed a sentence that is less than 20 years, Fields has shown plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Escalante-Reyes*, 689 F.3d 415, 420-24 (5th Cir. 2012) (en banc). The Government concedes that, assuming Fields's conviction is affirmed in all other respects, a remand for re-sentencing is appropriate. Accordingly, the sentence is vacated, and the case is remanded for the district court to sentence Fields in accord with the FSA.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.